UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN MAAS,                                )
         Appellant,                    )
                             )     No. 1:13-cv-1147
-v-                                        )
                             )     HONORABLE PAUL L. MALONEY
NORTHSTAR EDUCATION FINANCE, INC.,         )
         Appellee.                     )
_____)

## OPINION

While Nathan Maas was attending law school from 1999 through 2002, he, like many other law students, applied for and received loans.  Later, Maas filed for Chapter 7 bankruptcy and attempted to discharge four loans as part of his bankruptcy estate.  The Bankruptcy Court found that the loans fell within the Bankruptcy Code's educational loan exception and declined to discharge the loans.  Maas filed this appeal.  Because this Court agrees that the loans fall within the statutory exception, the Bankruptcy Court's decision is affirmed.

## PROCEEDINGS IN THE BANKRUPTCY COURT

Maas filed for Chapter 7 bankruptcy in September 2009 and the case closed in March 2010. In September 2012, Maas reopened the case and filed a nondischargeable debt adversary proceeding. Maas asserted that certain loans he obtained while attending law school were not excepted from discharge under 11 U.S.C. § 523(a)(8).  (ECF No. 1-15.)  Maas argued the loans were merely unsecured cash advances that did not require his admission to or attendance at an educational institution.  Northstar Education Finance, Inc. ("Northstar") filed a motion for summary judgment in the adversary proceeding.  (ECF No. 1-19.)  Two hearings on the motion occurred in May 2013. The two issues at the hearings were whether Maas owed the alleged debts to Northstar and whether

the loans were for educational purposes and therefore excepted from discharge under § 523(a)(8).[1]
The Bankruptcy Court resolved both issues in Northstar's favor. (ECF No. 1-5 "Opinion.") Maas
then filed a motion to alter or amend the judgment, which was also denied (ECF No. 1-10). Maas
appeals both adverse decisions.

District courts have jurisdiction over appeals from a bankruptcy court under 28 U.S.C. §
158(a)(1) and (c)(2). Maas timely filed his notice of appeal and election to have the district court,
rather than the Bankruptcy Appellate Panel, hear the appeal.

## STANDARD OF REVIEW

When reviewing decisions of a bankruptcy court on appeal, district courts apply the clearly
erroneous standard to the bankruptcy court's findings of fact. *In re Gardner*, 360 F.3d 551, 557 (6th
Cir. 2004). A factual finding is clearly erroneous when, although there is evidence to support the
finding, "'the reviewing court on the entire evidence is left with the definite and firm conviction that
a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)
(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Legal conclusions
are reviewed under the *de novo* standard. *In re Gardner*, 360 F.3d at 557. These standards of review
apply to summary judgment decisions made by a bankruptcy court. *See In re Batie*, 995 F.2d 85, 88
(6th Cir. 1993). Generally, a court's decision granting or denying a motion to alter or amend is
reviewed under the abuse of discretion standard. *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036,
1047 (6th Cir. 2001). However, when the motion to alter or amend seeks review of an order
resolving a motion for summary judgment, the motion to alter or amend is reviewed under the *de
novo* standard. *See id.*

---

[1]The first issue, whether the debts are owned by Northstar, is not part of this appeal.

## DISCUSSION

Some additional information is required.  Maas attempted to discharge four loans: Loan 402, Loan 405, Loan 408, and Loan 411.  The Bankruptcy Court summarized the evidence in the record relevant each of the four loans, and Maas has not challenged that portion of the Opinion for any factual errors.  The applications for Loans 402, 405, and 408 are nearly identical forms.  Each of these three applications requested money for a specified enrollment period.  Each of the three applications states that the word Borrower refers to the Student, and the Student is the student whose education this Loan is being used to finance.  Each of the three applications contain a Student Section, and has the applicant sign as the Student.  Finally, Maas' law school electronically certified the information contained in the Student Section of the three applications.  The application for Loan 411 was slightly different.  It states that the "Student must be in the final year of law school in a qualifying program and on target to graduate" in order to qualify for the loan.  Like the other applications, the borrower or debtor signs the application as the Student.  These four applications were filed by Northstar as exhibits to their answer to the complaint.  Also in the record is an affidavit from John Schwingler, Director of Portfolio Management at Northstar.  Schwingler stated that the applications are the complete contracts between the two parties.[2]

## A. Did the Bankruptcy Court Err By Relying On and Enforcing the Language Found in the Loan Documents to Resolve the Motion for Summary Judgment?

Maas first argues that the Bankruptcy Court erred by relying on the language contained in the loan application documents.  Maas argues he cannot contractually waive his rights to discharge the loans.  The court relied on the language in the loan application documents that called the loans

---

[2]The applications incorporate other materials by reference.

3

"educational assistance loans" made for "educational purpose," among other phrases.  Maas reasons that relying on this language elevates form over substance.  Finally, Maas raises several evidentiary issues, including an assertion that the statements in the applications would be hearsay.

The Bankruptcy Court did not err by relying on the language contained in the loan application documents.  Maas signed the application documents.  As the individual who completed and signed the applications, the statements contained within those documents are statements made by an opposing party and are not hearsay.  *See* Fed. R. Evid. 801(d)(2); *McQueeney v. Wilmington Trust Co.*, 779 F.2d 916, 930 (3d Cir. 1985) ("[W]e believe that McQueeney's signature on each of the cards is an unequivocal adoption of the contents therein.") (collecting cases).  Furthermore, it is not clear from the record that Maas raised an admissibility, hearsay objection, or other evidentiary challenge to the applications submitted by Northstar in the adversary proceeding.[3]  Failing to raise evidentiary objections to materials before the court rules on a motion for summary judgment constitutes a waiver of those objections and, on review, the objections will be considered "only to avoid a gross miscarriage of justice."  *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) (collecting cases).  Maas has not identified any gross injustice that might occur if his hearsay objections were not considered.

The evidence in the record supports the conclusion that the loans were for educational purposes and, therefore, are not dischargeable.  Section 523(a)(8) identifies a number of conditions that must be met for a loan to be excepted, and here Maas focuses his attention on the condition that the money be tied to education.  Courts that have looked at this question have overwhelmingly

---

[3]With respect to other evidentiary challenges, such as Maas' challenged to the Schwingler Affidavit, Maas concedes he did not raise the evidentiary objection in the bankruptcy proceedings.  (Brief 22 n.5 PgID 428.)

resolved the issue by looking at the loan's stated purpose, and not how the loan's proceeds were actually used. *See, e.g., Busson-Sokolik v. Milwaukee Sch. of Eng'g*, 635 F.3d 261, 266 (7th Cir. 2011); *Murphy v. Pennsylvania Higher Ed. Assistance Agency*, 282 F.3d 868, 870 (5th Cir. 2002). When Maas completed the applications and signed the forms, he stated that the loans were for educational purposes, were used to finance education during a particular enrollment period, and that he was a student. Even if the court could look beyond the language of the document, a proposition Maas has not established, Maas failed to put any evidence in the record to show that the loan proceeds were used for something other than educational benefits. In other words, Maas has not established a genuine issue of material fact so that the motion for summary judgment should be denied. Finally, this outcome does not elevate form over substance. In order to qualify for the loans, the borrower must be enrolled, as a student, at a qualified school, during a particular period. By completing the application, Maas stated that he met these conditions, which was certified by the law school.

The same result should apply to Loan 411. Maas asserts that the purpose of this loan was for expenses he incurred after graduation. Again, this assertion contradicts the plain language of the application, statements Maas adopted by signing the application. In order to qualify for the loan, Maas had to be a student in his final year and on track to graduate. That Maas might have spent the money after graduation, a fact not supported in the record, does not create a genuine issue of material fact that the loan had an educational benefit.

**B. Did the Bankruptcy Court Err by Failing to Grant Summary Judgment for Maas?**

Maas contends that, in its response to the motion for summary judgment, Northstar relied exclusively on the contract as a basis for relief and did not argue any statutory basis for relief. Maas

asserts, in his response to the motion for summary judgment, he requested summary judgment in his favor because Northstar failed to put forth any claims for statutory relief.

Maas was not entitled to summary judgment.  Simply put, Northstar's motion challenged Maas' claim that the loans did not fall under the statutory exception.  The evidence Northstar provided to establish that the loans were for educational purposes were the loan documents.  At the first hearing, in response to questions by the Bankruptcy Court, Northstar clarified that it was not asserting that Maas contractually waived his right to discharge.  The evidence in the record established that the loans were for educational purposes and, therefore, fell within the statutory exception.  Contrary to Maas' insistence, Northstar did not rely on a contractual waiver theory for its motion for summary judgment.  Neither did the Bankruptcy Court resolve the matter as a contractual waiver.  Because the Bankruptcy Court concluded that the loans fell within the statutory exception, the Bankruptcy Court did not err by failing to grant summary judgment for Maas.

### C.  Did the Bankruptcy Court Err In Denying the Motion to Alter or Amend?

Maas advanced a claim for legal error and a claim for newly discovered evidence as the bases for his motion to alter or amend.  Maas argues Northstar's motion for summary judgment was based on a contract theory, not a statutory exclusion.  Maas argues it was legal error for the court impute a statutory basis for Northstar's motion.  Maas asserts that after the first hearing and before the second hearing on the summary judgment motion, he sent Northstar a third set of interrogatories. He did not receive the answers to those interrogatories until June 28, twenty days after the Bankruptcy Court issued its opinion and order resolving the motion.  Maas argues that, as part of the answer to the interrogatories, Northstar admitted that it did not know what the legal and factual basis for asserting that the loans were excepted from discharge.  Maas submitted the answers in support

6

of his motion to alter or amend.  Maas argues the answers to interrogatories were newly discovered evidence.  Maas argues the newly discovered evidence establishes a genuine issue of material fact about the basis for the exception from discharge.

The Bankruptcy Court did not err in denying the motion to alter or amend.  Northstar did not rely on a contract theory or contract remedy for its motion for summary judgment.  Northstar offered evidence, the loan applications, to show that the loans were for educational purposes and were therefore statutorily excepted from discharge.  Maas' interpretation of the motion is not supported by the Northstar's brief or the transcript from the hearing.  The motion to alter or amend was merely an attempt to relitigate the same arguments that were or could have been raised in Maas' response.

Finally, the alleged newly discovered evidence does not create some genuine issue of material fact.  Maas mischaracterizes Northstar's answers to the interrogatories.  The interrogatory functionally asked Defendant to summarize its motion for summary judgment: "For each and every loan Defendant claims was issued to Plaintiff, state in detail the legal and factual basis which supports Defendant's assertion that said loans are excepted from discharge under 11 USC 523(a)(8)(A)(i)."  The other two interrogatories asked an identical question about subsections (ii) and (iii).  The interrogatories were answered by Schwingler, who is not an attorney.  Schwinger provided identical responses to all three interrogatories:  "I do not know as I do not have a legal background and do not have the expertise or knowledge to answer this interrogatory."  The fact that the Director of Portfolio Management cannot explain a motion for summary judgment does not create a genuine issue of material fact.

## CONCLUSION

The evidence presented to the Bankruptcy Court established that the loans fell within the

educational benefit exception to bankruptcy discharge. When determining whether a loan falls within the educational benefit exception, courts look to the stated purpose of the loan, not how the loan's proceeds were actually spent. The evidence in the record, the loan applications, establishes that the loans were for educational purposes. There was no evidence in the record that the loans were for any other purpose. Northstar's motion for summary judgment did not advance as its sole theory a contractual waiver argument. Accordingly, the Bankruptcy Court's decision granting summary judgment and the decision denying Maas' motion to alter or amend are **AFFIRMED.**


Date:   August 12, 2014                              /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     Chief United States District Judge

8